| | | |
|---|---|---|
| Hsin Chi Su, | § | |
|     Plaintiff, | § § § | |
| versus | § | Civil Action H-14-2163 |
| MRMBS II, LLC, et al. | § § § | |
|     Defendants. | § § | |

# Opinion on Patents

1. *Introduction.*

Hsin Chi Su guaranteed a loan that was used to buy a ship. The shipowner defaulted on its loan, and Su did not pay the debt for which the shipowner was liable. The lender, on the order of a bankruptcy court, sold the ship at an auction. Su sued the lender for infringement of patents that he holds on technology in the ship. He seeks a declaratory judgment on the preservation of his patent rights, validity of his infringement claims, unjust enrichment, money had and received, and indirect infringement. The lender counterclaimed for payment of the debt. Su will take nothing. The lender will take $13,695,066.65.

2. *Background.*

In 2010, A Whale Corporation borrowed $90 million from First Commercial Bank Co., Ltd., to purchase a vessel. The lender required Hsin Chi Su to guarantee the loan. The rights under the guarantee were assigned from First Commercial to SC Lowy Primary Investment, Ltd., and then to MRMBS II, LLC. A Whale defaulted on the loan and filed for bankruptcy. MRMBS demanded payment, and Su did not pay.

On July 9, 2014, A Whale asked the bankruptcy court for approval to sell the vessel. Su objected, arguing that the sale violated his patent. On July 18, 2014, the bankruptcy court approved the sale but reserved Su's right to pursue patent claims. Su then requested a stay. It was denied by the bankruptcy court on July 28, 2014, and later affirmed by this court and the court of appeals.

Before the sale, Su owed $82,205,492.65. MRMBS purchased the vessel by credit bid for $66,500,000. MRMBS received a payment of $2,010,426, bringing the balance still due to $13,695,066.65.

Su says that the bankruptcy court's approval of the sale extinguished his right to sue future patent infringers. He seeks a declaration from this court that (a) the bankruptcy court's judgment has no effect on his patents, (b) his claims against MRMBS and the estate of A Whale are valid, and (c) A Whale transferred property rights that did not belong to it. In light of these claims, Su argues that his liability to MRMBS should be reduced. MRMBS seeks payment from Su under the guarantee.

3. *Patent Claims.*

Su says that because MRMBS infringed his patents, he may offset his debt through compensation owed for the infringements. Each of Su's claims hinges on whether MRMBS infringed his patents. It did not, and each claim collapses accordingly.

Su's request for declaratory judgment is essentially a request for an advisory opinion, which no court can grant.[1] A declaration that Su may sue nameless infringers for future acts is, by definition, an advisory opinion because it fails to resolve any present, genuine controversy. Su wants assurance that he could, if he feels like it, have a controversy in the future, but he has none.

MRMBS acted in accordance with the bankruptcy court's order to sell the vessel. It submitted a winning credit bid, and the bankruptcy court approved the sale. No patent rights were sold; only the vessel. A ship is like any other product containing patented technology. A car, for example, embodies numerous patents. If a consumer buys a car with a loan from a bank and defaults on the loan, when the bank forecloses on the car, the patent owner cannot sue the bank for infringement when it uses or resells the car.

Su's residual patent rights are distinct from the embodied technology in the vessel. Neither the loan nor Su's guarantee mentions patents. As the bankruptcy court concluded, the patents were not the property of A Whale except as embodied in the ship.

---

[1] U.S. Const. art. III, § 2, cl. 1; *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985); *Villas at Parkside Partners v. Farmers Branch*, 577 F. Supp. 2d 880, 883-84 (N.D. Tex. 2008).

Also, Su has no claim for money had and received or unjust enrichment. MRMBS did not profit from the sale of Su's patent rights because no sale has occurred.

Finally, Su cannot claim indirect infringement. To hold MRMBS liable, Su would have to prove that someone else – perhaps A Whale – directly infringed Su's patents and that MRMBS is indirectly responsible for that infringement. Those facts are precisely what Su cannot show. He has no evidence of direct infringement by anyone; therefore, MRMBS cannot be liable for indirect infringement.

4. *Guarantee.*

Su admits that he owes MRMBS on the guarantee, but he argues that he should not be forced to pay until the court resolves his patent claims. Su cannot rely on a hypothetical offset to block a summary judgment concerning his obligation under the written guarantee.[2] When he guaranteed the loan, Su agreed that his rights related to the vessel would be inferior to the lender's right to recover the money owed. MRMBS demanded repayment, and Su must pay regardless of any imagined patent claims.

Su says MRMBS bought the vessel at an unreasonably low price, and is liable for bad faith and unfair conduct. He offers nothing but conclusory statements that the sale price was unfair and unreasonably low. Su relies solely on Kevin Lin's declaration that the price was below market value. Lin, a Taiwanese lawyer, was supposed to testify about Taiwanese law as it relates to MRMBS's motion for summary judgment. Because he has no knowledge of the value of the vessel, his speculations may be ignored.[3] Absent Lin's declaration, Su has no evidence about the vessel's market value, bad faith, and unfair conduct.

Su owes MRMBS under the guarantee.

5. *Conclusion.*

None of Su's rights was infringed or diminished by the sale of the vessel. Su will take nothing from MRMBS II, LLC; First Commercial Bank Co., Ltd.; SC Lowy Primary Investments, Ltd.; A Whale Corporation; and the Participating Lenders whom he nonsensically names "John Doe(s)."

---

[2] *Levy v. F.D.I.C.*, 7 F.3d 1054, 1057 (1st Cir. 1993); *Chih Shen Chen v. Inteplast Group, Ltd.*, 11 F. Supp. 3d 824 (S.D. Tex. 2014).

[3] Fed. R. Evid. 702; *Bradley v. Phillips Chemical Co.*, 484 F. Supp. 2d 604, 612 n.22 (S.D. Tex. 2007).

MRMBS II, LLC, will recover from Su $13,695,066.65, plus interest accrued under the loan agreement.

Signed on December 7, 2018, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge